**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:36 AM June 6, 2019**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| AMANDA ALYCE CLARK, | ) | CASE NO. 18-62368 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is Creditor Lisa Little's objection to Debtor's amended schedules filed on May 21, 2019.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

On November 27, 2018, Debtor filed a chapter 7 petition. The chapter 7 trustee determined there were no assets. The court issued a discharge order on March 29, 2019 and the case closed on April 5, 2019.

1

Debtor reopened the case on May 14, 2019 for the purpose of adding creditors, stating "[t]he Debtor was recently sued in State court for an Intentional Tort and wishes to reopen the case and add the appropriate parties/Creditors and to seek determination of (sic) where it is appropriate to litigate the debt and its dischargeability." On May 21, 2019, she filed an amended Schedule F and listed several parties, all owed an "unknown" amount. Eight days later, one of the added creditors, Lisa Little, objected to the amendment. She contends the debt is "not dischargeable . . . as the result of the intentional misconduct of [Debtor]," and references assault.

When a creditor was omitted from the schedules, or did not receive notice, of a bankruptcy case, section 523(a)(3) provides an exception to discharge. Since both parties have referenced an intentional act, which generally involves nondischargeability under sections 523(a)(2), (4) and/or (6), the court will specifically focus on 11 U.S.C. § 523(a)(3)(B):

> "a discharge under section 727 . . . does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
>     \*    \*    \*
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Debtor's act of amending the schedules post-discharge has not altered application of § 523(a)(3)(B) to the debt at issue. A creditor must have notice or actual knowledge of the case "in time" to file a claim and request a dischargeability determination.

The former is not a hurdle because the creditor may still file a claim. The deadline to file a claim did not expire.

> In a Chapter 7 no-asset case, however, the creditor cannot recover from the estate because there is nothing to recover. For this reason, there is deadline for filing a timely proof of claim in a no-asset case. Technically speaking, therefore, no matter when the creditor learns of the bankruptcy, he is able to file a timely claim . . . For the most

2

part, creditors in a no-asset case do not stand to gain by having their
debt scheduled, nor do they stand to lose by having their debts omitted
from the schedules.

Zirnhelt v. Madaj (In re Madaj), 149 F.3d 467, 470 (6th Cir. 1998).

Since this was a no-asset case, and no claims bar date was set, the creditor can still file a proof of claim if assets are discovered. The creditor has not been prejudiced. For this reason, courts frequently decline to reopen cases to add creditors in no-asset cases. Id. Debtor's amendment has not changed any circumstances impacting the creditor's ability to timely file a claim.

A creditor must also have notice of the case in time to determine dischargeability. Under Rule 4007(c), "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditor under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002." Fed.R.Bankr.Pro. 4007(c). In this case, that date was March 25, 2019.

Debtor's amendment does not change whether creditor had knowledge of the case in time to file a dischargeability determination. The deadline was the deadline, "adding a creditor to the schedules does nothing to resurrect the deadline." In re Humar, 163 B.R. 296, 299 (Bankr. N.D. Ohio 1993).

> The creditor may or may not have a basis to file a discharge-
> ability action per § 523(a)(3)(B). Reopening the case and
> amending the schedules is of no consequence with respect
> to the application of § 727(b) and § 523(a)(3) and will not
> accomplish the *nunc pro tunc* discharge the Debtors are
> seeking.

Humar, 163 B.R. at 299. Consequently, "amending the Debtor's schedules, so as to add a creditor for noticing purposes, will have no effect on the dischargeability of the omitted creditor's claim." In re Hoffman, 2013 WL 3155591, *2 (Bankr. N.D. Ohio 2013).

Since the amendment did not materially impact the facts or posture of this case, the court will overrule the creditor's objection to the amended schedules as moot. Creditor has the right to bring an action under § 523(a)(3)(B). Fed.R.Bankr.Pro. 4007(b); In re Sieger, 360 B.R. 653, 657 (Bankr. N.D. Ohio 2007).

An order will issue immediately.

# # #

**Service List:**

Nicole L. Rohr-Metzger
Thrush & Rohr LLC
4410 22nd Street NW
Canton, OH 44708

Amanda Alyce Clark
5555 Chandler Avenue NW
North Canton, OH 44720

Lisa M. Barbacci, Trustee - Canton
PO Box 1299
Medina, OH 44258-1299

Brian L. Zimmerman
229 Third St., N.W., Suite 200
Canton, OH   44702